UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11md2295 JAH(BGS)<br><br>This Document Relates to:<br>    All Member cases:<br><br>**ORDER GRANTING THE NATIONWIDE PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED CONSOLIDATED COMPLAINT [DOC. # 61]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS THE NATIONWIDE PLAINTIFFS' CONSOLIDATED COMPLAINT [DOC. # 43]; AND VACATING HEARING DATE** |

Pending before the Court is the nationwide plaintiffs' motion for leave to file an amended consolidated complaint and defendants' motion to dismiss plaintiffs' original consolidated complaint. *See* Docs. # 43, 61. Defendants have filed a statement of non-opposition to the nationwide plaintiffs' motion to amend. *See* Doc. # 65. After a review of the motion papers, the Court deems it appropriate to GRANT plaintiffs' motion and direct the Clerk of Court to file plaintiffs' amended consolidated complaint forthwith, thus rendering defendants' motion to dismiss plaintiffs' original complaint moot.

//

//

## DISCUSSION

The nationwide plaintiffs seek leave to file an amended consolidated complaint pursuant to Federal Rule of Civil Procedure 15. The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court. FED.R.CIV.P. 15(a). Rule 15(a) provides a party the right to amend:

> once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),
>
> (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted automatically. *See* Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance,

cannot justify denial of leave to amend. *See* DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

The nationwide plaintiffs seek to amend their consolidated complaint to expand factual allegations concerning defendant PRA Inc.'s liability for alleged violations of the Telephone Consumers Protection Act, in response to some of the arguments presented in defendants' motion to dismiss. *See* Doc. # 61 at 3. Defendants do not oppose the motion but, instead, reserve the right to move to dismiss all or parts of plaintiffs' amended complaint. Doc. # 65 at 2. This MDL case is in its infancy and, therefore the proposed amendment does not appear to prejudice the defendants. Additionally, there is no evidence the motion was brought in bad faith or will cause undue delay. As such, the Court finds no valid reason to deny plaintiffs leave to amend.

## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for leave to file an amended consolidated complaint [doc. # 61] is **GRANTED**;
2. The Clerk of Court shall file plaintiffs amended consolidated complaint, attached to plaintiffs' moving papers, *see* Doc. # 61-1, forthwith;
3. Defendants' motion to dismiss plaintiffs' original consolidated complaint [doc. # 43] is **DENIED as moot**;
4. Defendants shall file their responsive pleadings to plaintiffs' amended consolidated complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of this District; and

//
//
//

5. The hearing set for November 26, 2012 on plaintiffs' motion to amend and defendants' motion to dismiss is **VACATED**.

DATED: November 13, 2012

_____
JOHN A. HOUSTON
United States District Judge